UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CR-80077-ROSENBERG

UNITED STATES OF AMERICA,

v.

DENNIS RODRIGUEZ,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR COMPASSIONATE RELEASE

This cause is before the Court upon Defendant Dennis Rodriguez's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"). DE 422. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

On December 30, 2015, the Court sentenced Rodriguez to a 156-month term of imprisonment for conspiracy to possess with intent to distribute one kilogram or more of heroin. *See* DE 264. Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Rodriguez states that he submitted a Reduction in Sentence Application to the warden of FCI Coleman Low, the facility in which he is confined, on July 14, 2020, and that he has received no response. DE 422 at 1. The Court assumes for present purposes that he has exhausted his administrative remedies.

Rodriguez is 40 years old. As "extraordinary and compelling" reasons warranting a sentence reduction, he cites his condition of obesity in conjunction with the spread of COVID-19 at his facility. Rodriguez submitted medical records from before his incarceration and from FCI

Coleman Low indicating that he meets the CDC's threshold for elevated risk of COVID-19 complications due to obesity.[1]

Further, FCI Coleman Low is confronting a COVID-19 outbreak. As of August 26, 2020, there were 147 confirmed active cases among inmates and 20 among staff.[2] One inmate has died of COVID-19 complications. Although BOP has effected significant operational changes to limit the spread of COVID-19 within its facilities, social distancing remains difficult or impossible, and the risk of further spread cannot be eliminated. The Court is sympathetic to the health challenges that Rodriguez identifies in his Motion and understands his legitimate concerns about the spread of COVID-19 at FCI Coleman Low. The Court also sincerely appreciates the statements of Rodriguez and his two family members and recognizes the emotional toll of suspended visitations.

Although these constitute extraordinary and compelling circumstances, a sentence reduction is inappropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). The Court commends Rodriguez on his accomplishments while in prison, but the Court must still account for the seriousness of Rodriguez's offense. He acted as an organizer and leader of a sophisticated drug trafficking organization in South Florida. His Guidelines-recommended sentence was 168 to 210 months, and the Court granted a motion pursuant to section 5K1.1 of the Guidelines to reduce his sentence from 180 months, the sentence the Court would have imposed, to 156 months, in recognition of Rodriguez's substantial assistance. He has not yet served half of that sentence, and further, the requested reduction would bring Rodriguez's sentence

---

[1] *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated August 14, 2020).
[2] *COVID-19*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated August 26, 2020).

3

below the 10-year statutory minimum sentence. 21 U.S.C. § 841(b)(1)(A). Accordingly, the Court finds that a sentence reduction is not justified in light of the nature and circumstances of his offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Rodriguez's Motion for Compassionate Release [DE 422] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of August, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record